UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN R. FOCHT,

          Plaintiff,

   v.

JAMES GILLIES, et al.,

          Defendants.

CASE NO. C12-5991 BHS

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

      This matter comes before the Court on Plaintiff Kevin Focht's ("Focht") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1–3).

      On November 16, 2012, Focht filed the instant motion and a proposed complaint alleging numerous violations of state and federal law. The complaint consists of incomprehensible legal citations without any factual allegation informing the Court of who did what to violate the law. Focht seeks $22,500,000 in damages.

      The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of

ORDER - 1

1  the proposed complaint that the action is frivolous or without merit." *Tripati v. First*

2  *Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).

3       A federal court may dismiss the complaint *sua sponte* pursuant to Fed. R. Civ. P.

4  12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be

5  granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial

6  court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a

7  dismissal may be made without notice where the claimant cannot possibly win relief.").

8  *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little

9  doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*,

10  even in absence of an express statutory provision). A complaint is frivolous when it has

11  no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

12  1984).

13       In this case, Focht's complaint is completely frivolous because it contains no

14  allegations of fact and provides only alleged violations of law. Moreover, it appears he is

15  trying to remove a state court action to this Court, which is procedurally improper and

16  completely without merit. Therefore, the Court dismisses the complaint *sua sponte* and

17  denies the motion to proceed *in forma pauperis*. The Clerk is directed to close this case.

18      **IT IS SO ORDERED.**

19      Dated this 20th day of November, 2012.

20

21

22                          BENJAMIN H. SETTLE
                          United States District Judge